**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **KATRINA ROBINSON, #Y74381,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-01295-JPG** |
| | ) | |
| **ZACHARY STREET,** | ) | |
| **AMANDA RUPRECHT, and** | ) | |
| **CARBONDALE, IL, POLICE DEPT.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Katrina Robinson, an inmate in custody of the Illinois Department of Corrections and currently incarcerated at Logan Correctional Center, filed a Complaint pursuant to 42 U.S.C. § 1983 against Carbondale, IL, Police Department and two officers who allegedly used excessive force against her and triggered preterm labor. (Doc. 1). She seeks monetary relief against the police department and officers. *Id.*

The Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen and dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id.* The factual allegations are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 5-8): Plaintiff was arrested for her alleged involvement in a domestic dispute at Fields Apartment Complex in or around Carbondale, Illinois, on July 9, 2025. *Id.* at 5. Erica Wills, the apartment complex

manager, contacted the Carbondale Police Department to request assistance. When officers reported to the scene, she showed them a video of the incident. After reviewing the footage, the officers determined that Plaintiff started the fight. *Id*.

When Officer Zachary Street and Officer Amanda Ruprecht attempted to handcuff her, Plaintiff told them that she was six months pregnant. Officer Street accused her of lying to avoid arrest, and he continued to handcuff her. As he did so, Officer Street struck Plaintiff in the face with his hands and elbows. Onlookers protested and repeated that Plaintiff was pregnant. Officer Street nevertheless forced Plaintiff to the ground and placed her on her stomach while he hit her in the face and handcuffed her. *Id*.

As this occurred, Plaintiff said she could not breathe and needed water. *Id*. at 6. Her father's ex-girlfriend provided water and contacted her sister and grandmother to inform them of the situation. Plaintiff then told the officers that something felt wrong with her stomach. She asked to go to the hospital to make sure her unborn baby was okay. Plaintiff's grandmother met her at the hospital and learned that Officers Street and Ruprecht intended to take her to jail. As the officers entered the room, Plaintiff's grandmother took photos of her injuries. A nurse then said that she was dilated one centimeter and "good to go." *Id*.

Officers Street and Ruprecht transported Plaintiff to the Jail. She awakened one morning later and discovered that she was bleeding. She informed several officers that she should not be bleeding while she was six months pregnant. When she asked to see a nurse, the officers escorted her to the Jail's health care unit. Plaintiff informed the nurse that she underwent a "sorouge," *i.e.*, a "cervical cerclage"[1] or "cerclage" to prevent preterm labor in May 2025. *Id*. at 7. The nurse checked and assured her that she was fine. Plaintiff was escorted back to her cell. Several minutes

---

[1] A cervical cerclage is a common obstetric procedure used to prevent preterm birth and prolong gestation by sewing the cervix closed. *See* https://www.ncbi.nlm.nih.gov (Nov. 18, 2026).

later, the officers returned and explained that the nurse's boss insisted that Plaintiff be transported to the hospital for further evaluation. *Id*.

After arriving at Memorial Hospital in Carbondale, Illinois, Plaintiff was taken to an examination room and evaluated. The nurse indicated that she was dilated four centimeters and would be delivering her baby at six months because her cerclage was also coming undone. The nurse contacted St. Louis University Hospital for further instructions and was told to get the plaintiff to St. Louis University Hospital within thirty minutes. Plaintiff was transported there by helicopter. *Id*. at 8. Once there, her doctor determined that Plaintiff's cerclage would need to be removed, and she would also need medication to stop labor. Plaintiff was then kept at the hospital from July until November 2025. Plaintiff's son was born with serious health issues, including pulmonary stenosis, and she attributes his health problems to the unlawful seizure on or around July 9, 2025. *Id*.

## Discussion

Based on the allegations, the Court designates the following claims in the *pro se* Complaint:

**Count 1:** Fourth Amendment claim against Officer Street for using unreasonable force against Plaintiff on or around July 9, 2025.

**Count 2:** Fourth Amendment claim against Officer Ruprecht for failing to intervene and protect Plaintiff from the use of excessive force by Officer Street on or around July 9, 2025.

**Count 3**: Fourth Amendment claim against Carbondale, IL, Police Department for the unlawful seizure by Officers Street and Ruprecht against Plaintiff during her arrest on or around July 9, 2025.

**Any other claim(s) mentioned in the Complaint but not addressed herein are dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Preliminary Dismissals**

Plaintiff mentions the following individuals in the statement of claim without identifying them as defendants in the Complaint: Erica Wills and various officers, nurses, and other medical providers. The Court will not treat these individuals as defendants, and all claims against them are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties").

**Count 1**

The Fourth Amendment prohibits unreasonable seizures. *Torres v. Madrid*, 592 U.S. 306 (2021). The application of physical force to a person's body with the intent to restrain is a seizure, even if the force does not subdue the person. *Id.* Force applied during an arrest is "reasonable only when exercised in proportion to the threat posed, and as the threat changes, so too should the degree of force." *Snukis v. Taylor*, 145 F.4th 734, 741 (7th Cir. 2025). When an officer uses greater force than necessary to subdue a plaintiff, the force is considered excessive. *Id.*

A Court analyzing an excessive force claim incident to arrest considers "the 'facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether [s]he was actively resisting arrest or attempting to evade arrest by flight.'" *Bayon v. Berkebile*, 29 F.4th 850, 854 (7th Cir. 2022) (citing *Siler v. City of Kenosha*, 957 F.3d 751, 758-59 (7th Cir. 2020) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The Court assesses the claim based on the "totality of the circumstances from the perspective of a reasonable officer on the scene." *Bayon v. Berkebile*, 29 F.4th at 854. The Complaint articulates a claim of excessive force against Officer Street, who allegedly forced Plaintiff onto her stomach while handcuffing her and beating her after she disclosed her pregnancy. Count 1 shall proceed against Officer Street.

**Count 2**

Failure to protect claims arising under the Fourth Amendment also focus on an individual's right to be free from unreasonable seizures. *See Young v. Hardin*, 37 F.3d 282, 284-86 (7th Cir. 1994). In this context, omissions may violate a person's civil rights, and a state actor's failure to intervene may give rise to § 1983 liability. *Id.* (citing *Byrd v. Brishke*, 466 F.2d 6, 10 (7th Cir. 1972) (damages may be recovered for both misfeasance and nonfeasance). The Seventh Circuit Court of Appeals observed in *Byrd* that "one who is given a badge of authority of a police officer may not ignore the duty imposed by h[er] office and fail to stop other officers who summarily punish a third person in h[er] presence or otherwise within h[er] knowledge." *Byrd v. Brishke*, 466 F.2d at 11. The obligation to intervene applies "equally to supervisory and nonsupervisory officers." *Young*, 37 F.3d at 284.

An officer who is present and fails to intervene to prevent another law enforcement official from infringing on the rights of a citizen is liable under § 1983, if the officer had reason to know the following: (1) excessive force was being used; (2) a citizen was unjustifiably arrested; or (3) any constitutional violation was committed by a law enforcement official, as long as the officer also had a reasonable opportunity to intervene and prevent harm from occurring. *Id.* at 284. According to the Complaint, Officer Ruprecht was present at all relevant times, including the entire time Officer Street arrested Plaintiff and allegedly used excessive force against her. Officer Ruprecht could have intervened in time to stop the use of unauthorized force, but she failed to do so. Count 2 thus survives screening against Officer Ruprecht.

**Count 3**

The Complaint identifies Carbondale, IL, Police Department as a defendant, but this entity is not a "person" subject to suit under 42 U.S.C. § 1983. Plaintiff's designation of the defendant

could represent an attempt to hold the municipality liable for his injuries. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978). Municipal liability under § 1983 arises from the execution of a government policy or custom that causes a constitutional injury. *Id.* Because Plaintiff mentioned no policy or custom that caused a violation of her constitutional rights, this claim fails against the municipality as well. Count 3 shall be dismissed with prejudice against Carbondale, IL, Police Department and without prejudice against the City of Carbondale, Illinois.

## Disposition

The Complaint (Doc. 1) survives screening as follows: **COUNT 1** will proceed against **ZACHARY STREET**, and **COUNT 2** will proceed against **AMANDA RUPRECHT**. However, **COUNT 3** is **DISMISSED** with prejudice for failure to state a claim against **CARBONDALE, IL, POLICE DEPARTMENT** and without prejudice against the City of Carbondale, Illinois. **CARBONDALE, IL POLICE DEPARTMENT** is **DISMISSED with prejudice** from the action.

The Clerk of Court shall prepare for Defendants **ZACHARY STREET** and **AMANDA RUPRECHT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each defendant's place of employment. If any defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed

above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be kept in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file appropriate responsive pleadings to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merits Review Order.**

Finally, Plaintiff is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in her address; the Court will not independently investigate her whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to ENTER the standard HIPAA-Qualified Protective Order and TERMINATE CARBONDALE, IL, POLICE DEPARTMENT as a party in CM/ECF.**

**IT IS SO ORDERED.**

**DATED: 11/19/2026**

**J. PHIL GILBERT**
**United States District Judge**

**Notice**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter an appearance and file Answers to your Complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all defendants have filed their answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions to give the defendants notice and an opportunity to respond to those motions. Motions filed before the defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.